EDGAR S. PEIERLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 17363.   Promulgated May 12, 1949.

*James Allen Bernson, Esq.*, for the petitioner.
*Charles R. Johnston, Esq.*, and *John E. Mahoney, Esq.*, for the
respondent.

OPINION.

HARLAN, *Judge*: The respondent contends that in 1943 the trustee distributed $4,067.71 [1] of the income of the trust for the support and maintenance of the minor daughters of petitioner, and that, under the provisions of section 167 (c) of the Internal Revenue Code,[2] the entire amount distributed is includible in the net income of petitioner.

---

[1] The deficiency notice carries this amount as $4,067.72, but evidence indicates it should be $4,067.71.

[2] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

\* \* \* \* \* \* \*

(c) Income of a trust shall not be considered taxable to the grantor under subsection (a) or any other provision of this chapter merely because such income, in the discretion of another person, the trustee, or the grantor acting as trustee or cotrustee, may be applied or distributed for the support or maintenance of a beneficiary whom the grantor is legally obligated to support or maintain, except to the extent that such income is so applied or distributed. In cases where the amounts so applied or distributed are paid out of corpus or out of other than income for the taxable year, such amounts shall be considered paid out of income to the extent of the income of the trust for such taxable year which is not paid, credited, or to be distributed under section 162 and which is not otherwise taxable to the grantor.

The petitioner contends that under the provisions of section 167 (c) only $3,734.39, that part of the trust income actually used for the support, maintenance, and education of minor children of the grantor, is taxable to him.

We do not agree with petitioner. The purpose of section 167 (c), which became part of the Internal Revenue Code in 1943, was to overcome the effect of the decision in *Helvering* v. *Stuart*, 317 U. S. 154, that the mere possibility of the use of the income of a trust in discharge of the grantor's legal obligations was sufficient to make the total income taxable to the grantor. Prior to this decision the Bureau of Internal Revenue had issued a ruling that, in cases where the trust income might, in the discretion of the trustees, be used to support the minor children of the grantor, there should be taxed to the grantor only so much of the trust income as was "actually distributed for the support and maintenance of the beneficiaries whom the grantor is legally obligated to support." G. C. M. 18972, C. B. 1937–2, p. 231. The purpose of enacting section 167 (c) was "to return to the rule approved in G. C. M. 18972." H. Rept. No. 871, 78th Cong., 1st sess.

The language of section 167 (c) is clear and unambiguous. Under its provisions the income of a trust is taxable to the grantor to the extent that it is "applied *or* distributed for the support or maintenance of a beneficiary whom the grantor is legally obligated to support or maintain." The evidence discloses that during 1943 the trustees distributed $4,067.71 for the support and maintenance of petitioner's minor children. The application by the guardian of only $3,734.39 for their support during 1943 does not relieve petitioner of tax on the balance of $333.32. We are concerned with what the trustees did, and not what the guardian did. The trustees distributed $4,067.71. They made no effort to recover any part of this amount and the evidence does not disclose that the amount they distributed was not used to carry out the obligations of the grantor. The fact that it was not all applied for this purpose *in 1943* is immaterial.

We do not agree with the petitioner's contention that, since the trust agreement provided that any excess of net income over that used and applied for the maintenance, education, and support of the children should be accumulated by the trustees for use in subsequent years, the retention of such excess by the guardian prevented it from being legally distributed for income tax purposes within the meaning of section 167 (c). Whether or not under the terms of the trust instrument the guardian had the right to retain the excess is not determinative of the question here presented. The statute taxes to the grantor income of the trust to the extent applied *or* distributed by the trustees for the

support of minor children.   It does not read applied *and* distributed. Inasmuch as the evidence discloses that the trustees distributed $4,067.71 of the 1943 income of the trust for the support, education, and maintenance of petitioner's minor children, the respondent did not err in including this amount in the income of the grantor.

Reviewed by the Court.

*Decision will be entered for the respondent.*